Bland, Chancellor.
It has long been the practice to allow a creditor to come in at any time after a creditor’s bill, such as this is, has been filed; and before as well as after a decree to account has been passed before the assets have been actually distributed, (a) Therefore it is Ordered, that the said Elizabeth Blair be and she is hereby admitted as a party plaintiff in this suit upon the terms prayed. J
On the 8th of December, 1829, the defendant put in an answer purporting to respond to all the matters of the bill; and then adding thereto a plea of a prior suit and decree, in the Orphans Court of Baltimore County, embracing the same matter in bar of this suit.
To this answer and plea the plaintiffs took the following exceptions ; first, for that the said defendant has not admitted or denied, that the said executors discounted upwards of $20,000 in notes and other securities, or what other amount, which the said executors had received for the sale of their testator’s property, a few days, and when, before the bond of said defendant was credited to said Clarice’s estate, as stated in the said complainant’s bill. Second, for that said defendant has not stated when and at what time each and all of the sums of money received and paid by him, and by said executors were received and paid; but has referred to the several accounts of the executors returned to the Orphans Court, and exhibited with said complainants’ bill, to shew when the amounts were paid and received, whereas said accounts do not shew when said several amounts were paid or received. Third, *256 because said defendant has not brought into this court .the books of account of said James Clarke, nor offered to do so; nor has he produced and brought into this court, nor offered to do so, the bond .of said defendant to said Clarke; and has assigned no reason for his omission to do so. The plaintiffs then go on to state six other exceptions to the sufficiency of the answer; and then they say tenth, because the said answer is accompanied by, or incorporates a plea which covers the whole matter of said bill of complainant; and which, if good and sufficient, would render said answer incompatible, expensive, and unnecessary. And is otherwise, and in other respects evasive, and insufficient. Whereupon an order was passed appointing a day for hearing these exceptions. After which the matter was brought before the court.
14th January, 1830.
Bland, Chancellor.
The exceptions to the answer of the defendant standing ready for hearing, and having been submitted without argument, the proceedings were read and considered.
In general, wherever a plaintiff has an interest in any books or papers, which a defendant, by his answer, admits to be in his' possession, he may be ordered to produce them on petition of the plaintiff, specifying what books or papers are wanted. (b) But, in this instance, the plaintiffs, by their third exception, object to the sufficiency of the answer; because, the defendant has not brought into court the books of James Clarke, and the bond of the defendant. So far as the bill calls for any disclosures respecting those books, or that bond, which have not been answered, the answer may be deemed insufficient and exceptionable; but, although the production of those books and papers is a part of the discovery, which this defendant, on his submitting to answer is bound to make, -yet the taking of exceptions to his answer, because of his not producing them, is not the mode in which a defendant may be compelled to produce books and papers for the benefit of the plaintiff in the progress of the case, or at the final hearing; the application to have any such documents, as a defendant admits to be in his possession or under his control, brought in, must be made by petition, (c) This third exception must therefore be overruled.
The defendant having submitted to answer, must, according to the established rule, answer fully as to every fact in any way mate *257 rial and pertinent to the plaintiff’s case as set forth in his bill, (d) But this defendant, after having thus submitted to answer, has offered a plea, covering the whole ground of his answer, in which he pleads and relies upon a decree, in another tribunal, upon the same matter, as a bar to this suit. A plea must always rest upon that which shews, that the defendant should not be compelled to answer at all; and therefore an answer to any thing relied on by way of plea overrules the plea; because, if a defendant answers to the matter covered by his plea he thereby waives his plea; and, hence it is an established rule, that where a defendant pleads and answers to the same case, the answer overrules the plea. Consequently, even supposing this plea to be good and available if it had stood alone, it is clearly overruled by the answer to which it has been subjoined, (e)
Whereupon it is Ordered, that the third exception of the plaintiffs to the answer of the defendant be overruled; and that all the other exceptions of the plaintiffs thereto be sustained; and that the defendant pay unto the plaintiffs all the costs of the said exceptions including a solicitor’s fee to be taxed by the register, (f)
And it is further Ordered, that the said plea of the defendant be overruled; and that the defendant pay unto the plaintiffs, the sum of £5 current money, and the costs of the said plea to be taxed by the register, and be in contempt until the said sum of money and costs be fully paid. (g)
And it is further Ordered, that the defendant make a full and sufficient answer to the bill of complaint on or before the 20th day of February next.
The defendant answered as required by this order, to which the plaintiffs having put in a general replication; and commissions having been issued and returned with evidence taken under them, the case was, by consent, referred to the auditor, with directions to state accounts; and notice having been given by advertisement in the newspapers, to the creditors of James Clarke, deceased, to file the vouchers of their claims, the auditor made a report accordingly, which was confirmed, See.

 Strike's Case, 1 Bland, 85.

 Ringgold v. Jones, 1 Bland, 90, note; 2 Mad. Pr. Chan. 390; 1 Newland, Chan. 199.

 1 Harris. Pra. Chan. 322; Wagram Discovery, 14.

 Mazarredo v. Maitland, 3 Mad. 69; Salmon v. Clagett, post.

 Cottington v. Fletcher, 2 Atk. 155; Blacket v. Langlands, Anstr. 14; Forum Rom. 58; James v. Sadgrove, 1 Cond. Chan. Rep. 3; Hannah K. Chase’s Case, 1 Bland, 217.

 1820, ch. 161, s. 8.

 1785, ch. 72, s. 25.